# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL  'O'

| Case No. | 2:16-cv-08104-CAS(AJWx) | Date | July 6, 2017 |
|---|---|---|---|
| Title | EFG BANK AG, CAYMAN BRANCH V. TRANSAMERICA LIFE INSURANCE COMPANY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF IOWA (Filed May 22, 2017, Dkt. 33)

The Court finds this motion appropriate for decision without oral argument. Fed.R.Civ.P. 78; Local Rule 7–15. Accordingly, the hearing date of July 10, 2017, is vacated, and the matter is hereby taken under submission.

## I.     INTRODUCTION

On October 31, 2016, plaintiff EFG Bank AG, Cayman Branch ("EFG") filed the instant action against Transamerica Life Insurance Company ("Transamerica") based upon Transamerica's alleged wrongful increase on monthly deduction rates ("MDR") of certain universal life insurance policies. Dkt. 1, Complaint.

On March 30, 2017, plaintiff filed the operative First Amended Complaint, dkt. 24 ("FAC"), adding the following plaintiffs: Wells Fargo National Association as securities intermediary for EFG, DLP Master Trust ("DLP"), DLP Master Trust III ("DLP III"), Greenwich Settlements Master Trust ("Greenwich"), GWG GLP Trust ("GWG"), Life Funding Trust ("Life Funding"), and Palm Beach Settlement Company ("Palm Beach Settlement," collectively, the "plaintiffs").[1] The FAC alleges three claims: (1) breach of

---

[1] DLP, DLP III, Greenwich, GWG, Life Funding, and Palm Beach Settlement, collectively, are the "EAA plaintiffs."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:16-cv-08104-CAS(AJWx) | Date | July 6, 2017 |
|---|---|---|---|
| Title | EFG BANK AG, CAYMAN BRANCH V. TRANSAMERICA LIFE INSURANCE COMPANY | | |

contract, (2) contractual and tortious breach of the implied covenant of good faith and fair dealing, and (3) declaratory relief. Id.

On May 22, 2017, defendant filed the instant motion to transfer venue to the Northern District of Iowa. Dkt. 33, (the "Motion"). On June 12, 2017, plaintiffs filed an opposition.[2] Dkt. 36 ("Opp'n"). On June 26, 2017, defendant filed a reply. Dkt. 42 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiffs allege that Transamerica wrongfully increased MDRs on insurance policies they own.

Plaintiff EFG is the owner and beneficiary of forty-nine Transamerica policies subject to the MDR increase. FAC ¶ 27. EFG's principal place of business is Switzerland. Id. ¶ 19. Plaintiff Wells Fargo is the securities intermediary for EFG, but is listed as an owner and beneficiary of the policies in Transamerica's records. Id. Wells Fargo's principal place of business is Sioux Falls, South Dakota. Id. ¶ 19. The EAA plaintiffs are the owners and beneficiaries of nineteen Transamerica policies subject to the MDR increase and are all residents of Delaware. Id. ¶¶ 20-25, 28. No plaintiff resides in the Central District of California.

Defendant Transamerica is an Iowa Corporation with its principal place of business in Cedar Rapids, Iowa. Id. ¶ 26. Transamerica conducts business in California. Id. ¶ 3. The Transamerica policies at issue were primarily issued in California. Id. ¶ 3. The MDR increase decision ("MDR Decision"), the primary issue in dispute here, was made

---

[2] On June 16, 2017, the instant action was transferred from Judge Fischer to Judge Snyder. Dkt. 39. The instant action is related to Feller v. Transamerica Life Insurance Company, Case No. 16-cv-01378 CAS (AJWx), currently pending before Judge Snyder (the "Feller Action").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:16-cv-08104-CAS(AJWx) | Date | July 6, 2017 |
|---|---|---|---|
| Title | EFG BANK AG, CAYMAN BRANCH V. TRANSAMERICA LIFE INSURANCE COMPANY | | |

in Transamerica's headquarters in Cedar Rapids, Iowa. Motion, Ex. 1, Declaration of Ryan Colerick ("Colerick Decl.") ¶¶ 2, 4.

## III. LEGAL STANDARD

"For [1] the convenience of parties and [2] witnesses, [and] [3] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

In analyzing the "interests of justice," a number of factors are relevant, including the following: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). Other factors that can be considered are: the enforceability of the judgment; the relative court congestion in the two forums; and which forum would better serve judicial economy. 17 Moore's Federal Practice § 111.13[1][c] (3d ed. 1997).

However, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors set forth above weigh heavily in favor of venue elsewhere." Catch Curve, Inc. v. Venali, Inc., 2006 U.S. Dist. LEXIS 96379, *3-4 (C.D. Cal. 2006)

The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278-279 (9th Cir. 1979); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). The decision to transfer lies within the sound discretion of the trial judge. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988). The judge must consider a transfer motion "according to an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| Case No. | 2:16-cv-08104-CAS(AJWx) | Date | July 6, 2017 |
|---|---|---|---|
| Title | EFG BANK AG, CAYMAN BRANCH V. TRANSAMERICA LIFE INSURANCE COMPANY | | |

individualized, case-by-case consideration of convenience and fairness." Jones, F.3d at 498.

## IV. DISCUSSION

Having considered the parties' arguments, the Court **DENIES** defendant's motion to transfer venue to the Northern District of Iowa.

### A. Convenience of the Parties and Witnesses

Defendant argues that the instant action should be transferred to the Northern District of Iowa because most of its witnesses reside there and its headquarters are in Cedar Rapids, Iowa.

Often, the convenience of non-party witnesses is the most important factor in deciding a motion to transfer. Flotsam of Cal., Inc. v. Huntington Beach Conf. &Visitors Bureau, 2007 WL 4171136 (N.D.Cal. 2007); Saleh v. Titan Corp., 361F.Supp.2d 1152, 1161 (S.D.Cal. 2005). The presence of non-party witnesses in the proposed venue weighs in favor of transfer. See Alcatel Lucent USA, Inc. v. Dugdale Commc'ns, Inc., No. CV 09-2140 PSG(JCX), 2010 WL 883831, at *8 (C.D. Cal. Mar. 5, 2010) (noting that in addition the number and location of non-party witnesses, courts must consider their importance to the particular case).

Defendant has submitted a declaration by Ryan Colerick, Director of Risk Management at Transamerica, stating that two "key" non-party witnesses were involved in the MDR Decision:

1. Scott Ham, the Life & Protection Division President and CEO at the time of the MDR Decision, who now resides near Cedar Rapids, Iowa, Colerick Decl. ¶ 3(a); and

2. John Hunter, the Life & Protection Division Chief Operating Officer at the time of the MDR Decision, who has residences in Iowa and Illinois, id. ¶ 3(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cv-08104-CAS(AJWx) | Date | July 6, 2017 |
|---|---|---|---|
| Title | EFG BANK AG, CAYMAN BRANCH V. TRANSAMERICA LIFE INSURANCE COMPANY | | |

According to Colerick, Transamerica executives regularly met in Cedar Rapids to discuss the MDR increase and other non-party witnesses residing outside this district participated in meetings about the MDR Increase. Id. ¶ 4. Colerick contends that Transamerica also received assistance in planning and executing the MDR Decision from other relevant witnesses, who are still employed at Transamerica headquarters. Id. ¶¶ 3-7.[3] Accordingly, Transamerica's convenience and potential access to non-party witnesses in Iowa weigh in favor of transfer.

Plaintiffs are not residents of Los Angeles, nor do they claim to have potential witnesses who reside in the Central District of California. This also weighs in favor of transfer. See Silva v. Aviva PLC, No. 15-CV-02665-PSG, 2016 WL 1169441, at *5 (N.D. Cal. Mar. 25, 2016) (granting transfer, in part, because defendant showed that many important witnesses resided in transferee district, whereas plaintiff "did not identify any non-party witness who is local to this district").

The parties dispute the extent to which evidence is present in Iowa as opposed to this district. Defendant's corporate headquarters and the documentation related to the MDR Decision are located in the Northern District of Iowa. However, defendant has an office in Los Angeles and the policies in question were issued in California. Because documents will likely be used and shared in an electronic form, the availability of evidence is either neutral or weighs only slightly in favor of transfer.

In light of the foregoing, convenience to the parties and witnesses weighs in favor of transferring this action to the Northern District of Iowa. See Gerin v. Aegon USA, Inc., Case No. C06-5407 SBA, 2007 WL 1033472, at *6 (N.D. Cal. Apr. 4, 2007) (granting transfer to the defendant's principal place of business because its material witnesses and documentary evidence were located in that district).

---

[3] Defendant argues that a majority of its party witnesses, employees of Transamerica, also reside in the Northern District of Iowa. But employees may be compelled to testify upon necessity. Allstar Mktg. Grp., LLC v. Your Store Online, LLC, 666 F. Supp. 2d 1109, 1132 C.D. Cal. 2009). Thus, the Court accords less weight to party witness convenience.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-08104-CAS(AJWx) | Date | July 6, 2017 |
| Title | EFG BANK AG, CAYMAN BRANCH V. TRANSAMERICA LIFE INSURANCE COMPANY | | |

**B.     Interests of Justice**

**1.     Judicial Economy**

When weighing the interests of justice, "[a] major consideration is the desire to avoid multiplicity of litigation from a single transaction." Gerin 2007 WL 1033472, at *6. The Supreme Court has stated that "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent." Cont. Grain Co. v. The FBL-585, 364 U.S. 19, 26 (1960).

In this case, the pendency of the Feller Action in this Court weighs heavily against transfer. The plaintiffs in the Feller Action challenge the same MDR increases, hold substantially similar insurance policies, and raise many of the same legal and factual questions as this case. Although the plaintiffs here appear to intend to opt out of any class that may be certified in the Feller Action, the Court is familiar with the issues presented by the insurance policies at issue in both cases and a prior settlement that is at issue in both cases. The Court has denied Transamerica's similar motion to transfer the Feller Action to the Northern District of Iowa. Thus, in the interest of judicial economy, the existence of the Feller Action in the Central District of California weighs heavily against the transfer of this action to another venue.

Additionally, trying both actions in the same district before the same judge will better serve justice by limiting the possibility of inconsistent rulings. See Three Rivers Provider Network, Inc. v. Am.'s Choice Provider Network, Inc., No. 2:14-CV-00584-APG, 2015 WL 5056548, at *3 (D. Nev. Aug. 25, 2015) (finding that a pending litigation in the transferee district "arising out of a common core of facts . . . weighs heavily in favor of transfer to avoid duplicitous litigation, reduce costs, and minimize the possibility of inconsistent results"); see also U.S. Ship Management, Inc. v. Maersk Line, Ltd., 357 F.Supp.2d 924, 938 (E.D. Va. 2005) ("[T]wo related actions are already pending in the [transferee district], and have been assigned to the same judge, who has become familiar with the legal issues, facts, and the many twists and turns in the protracted case. This familiarity weighs strongly in favor of transfer[] . . . so that all aspects to this dispute may be resolved in a single forum.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'

| Case No. | 2:16-cv-08104-CAS(AJWx) | Date | July 6, 2017 |
|---|---|---|---|
| Title | EFG BANK AG, CAYMAN BRANCH V. TRANSAMERICA LIFE INSURANCE COMPANY | | |

### 2. Other Factors

Other considerations are generally neutral or weigh only weakly for or against transfer. The Court has considered the parties' arguments with respect to other factors, including familiarity with the governing law, relative court congestion in both districts, defendant's contacts with the forum, and plaintiffs' choice of forum and has found that here.

"[A] plaintiff's choice [of forum] ordinarily deserves substantial deference." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 424 (1981). However, "[p]laintiff's choice of forum . . . is not the final word. . . . [C]onsideration must be given to the extent both of the defendant's business contacts with the chosen forum and of the plaintiff's contacts." Pac. Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968). None of the plaintiffs reside in this district or claim any particular connection to this district. Thus, neither Transamerica nor the plaintiffs have a strong connection to the Central District of California. To the extent that plaintiffs' choice of forum is entitled to weight here, both parties' limited connection to this district militates against weighing plaintiffs' choice of forum too heavily.

The parties dispute the relative court congestions of the Central District of California and the Northern District of Iowa. The differences appears to be insignificant and thus, neutral in the Court's analysis.

Furthermore, "federal courts are deemed capable of applying the substantive law of other states." Rabinowitz v. Samsung Elecs. Am., Inc., No. 14-CV-00801-JCS, 2014 WL 5422576, at *7 (N.D. Cal. Oct. 10, 2014) (citation and internal quotation marks omitted). The claims alleged by the plaintiffs here do not involve complex issues of state law and therefore familiarity with governing law is also neutral.

Having considered the parties' arguments and the most pertinent considerations to this litigation, the Court finds that transfer is inappropriate. The limited gains in convenience and access to two non-party witnesses are outweighed by the interests of justice, namely, considerations of judicial economy and the pendency of the Feller Action in this Court. Defendant has not made the requisite strong showing that transfer is appropriate. Therefore, Transamerica's motion to transfer this action is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:16-cv-08104-CAS(AJWx) | Date | July 6, 2017 |
|---|---|---|---|
| Title | EFG BANK AG, CAYMAN BRANCH V. TRANSAMERICA LIFE INSURANCE COMPANY | | |

## V. CONCLUSION

In accordance with the foregoing, defendant's motion to transfer venue to the United States District Court for the Northern District of Iowa is **DENIED**.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | CMJ | |