| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-08104-CAS(GJSx) | Date | November 4, 2019 |
| Title | EFG BANK AG, CAYMAN BRANCH v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Khai LeQuang | | Hutson Smelley |
| David Gomez | | |

**Proceedings:** PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT (Dkt [ 132 ], filed September 27, 2019)

## I. INTRODUCTION AND BACKGROUND

Presently before the Court is plaintiffs' motion to modify the scheduling order and for leave to file a fourth amended complaint. Given the parties' familiarity with this case, the Court recites only the factual and procedural background that gives rise to the motion.

### A. The EFG Bank Action

Plaintiffs filed this action against defendant Transamerica Life Insurance Company ("Transamerica") on October 31, 2016. Dkt. 1. Plaintiffs thereafter filed a first amended complaint against Transamerica on March 30, 2017. Dkt. 24. The first amended complaint asserted claims for: (1) breach of contract; (2) contractual breach of the implied covenant of good faith and fair dealing; (3) tortious breach of the implied covenant of good faith and fair dealing; and (4) declaratory relief. Id. Transamerica moved to dismiss the plaintiff's first amended complaint on May 15, 2017, dkt. 31, and the Court denied Transamerica's motion on July 10, 2017, dkt. 44.

The parties stipulated to allow plaintiffs to file a second amended complaint, dkt. 47, and the plaintiffs did so on August 24, 2017, dkt. 49. Transamerica filed an answer to plaintiffs' second amended complaint on September 25, 2017. Dkt. 51.

The Court issued a scheduling order on December 5, 2017, Dkt. 66. The scheduling order set the following relevant deadlines: January 29, 2018, as the last day to request leave

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:16-cv-08104-CAS(GJSx) | Date | November 4, 2019 |
| Title | EFG BANK AG, CAYMAN BRANCH v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

to file amended pleadings or to add parties; January 12, 2019, as the fact discovery cut-off; and May 14, 2019, as the last day to file motions. Id.

The parties stipulated to allow plaintiffs to file a third amended complaint, dkt. 86, and the plaintiffs filed the operative third amended complaint on August 22, 2018, dkt. 88 ("TAC"). The TAC alleges claims for: (1) breach of contract; (2) contractual breach of the implied covenant of good faith and fair dealing; (3) tortious breach of the implied covenant of good faith and fair dealing; and (4) declaratory relief. See generally TAC. Transamerica subsequently filed an answer to the TAC on September 21, 2018. Dkt. 90.

In light of the parties' stipulations on November 14, 2018, and May 22, 2019, the Court modified the scheduling order on November 15, 2018, and again on May 22, 2019. Dkt. 93, 94, 106, 107. The Court's operative May 22, 2019 scheduling order set November 1, 2019, as the fact discovery cut-off and March 6, 2020, as the last day to file motions for summary judgment. Dkt. 107. No trial date has yet been set. Id.

**B.     The Brighton Action**

On May 15, 2019, a different set of institutional plaintiffs filed suit against Transamerica asserting claims substantially similar to those in this action. See Brighton Trustees, LLC et al. v. Transamerica Life Insurance Company, No. 2:19-cv-04210-CAS-GJS (C.D. Cal) ("Brighton"), Dkt. 1. The Brighton plaintiffs filed a first amended complaint on June 10, 2019, asserting claims for: (1) breach of contract; (2) contractual breach of the implied covenant of good faith and fair dealing; (3) tortious breach of the implied covenant of good faith and fair dealing; and (4) declaratory relief. Brighton, Dkt 14 ("Brighton FAC"). Transamerica moved to dismiss the Brighton FAC on July 10, 2019. Brighton, Dkt. 28.

On August 28, 2019, the Court granted, in part, and denied, in part, Transamerica's motion. Brighton, Dkt. 37 ("Brighton Order"). The Court found that the Brighton plaintiffs had stated claims for breach of contract and contractual breach of the implied covenant of good faith and fair dealing based on allegations that Transamerica instituted MDR increases despite generally improving mortality rates. Brighton Order at 17–18, 20–21. The Court, however, dismissed the Brighton plaintiffs' tortious breach of the implied covenant claim without prejudice. Id. at 21–23. The Court noted that, in other cases involving Transamerica's MDR increases, "[t]he Court has previously sustained, at the pleading stage, similar claims for tortious breach based on allegations that Transamerica's MDR increases deprived policyholders and owners benefits in the form of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cv-08104-CAS(GJSx) | Date | November 4, 2019 |
|---|---|---|---|
| Title | EFG BANK AG, CAYMAN BRANCH v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

Accumulation Value and monthly accrual of guaranteed interest." Id. at 22. The Court noted that "[s]ince the Court decided those cases, however, . . . caselaw has developed differentiating benefits arising under the insurance component from benefits arising under the savings component of a universal life insurance policy." Brighton Order at 22. In particular, the Court relied on EFG Bank AG, Cayman Branch v. AXA Equitable Life Ins. Co., 309 F. Supp. 3d 89 (S.D.N.Y. 2018) ("AXA Equitable Life Ins. Co."). There, the court noted that the claims of the plaintiffs in that case, "arise less from the relationship between [p]laintiffs as insureds and [defendant] as insurer than they do from the relationship between [p]laintiffs as depositors and [defendant] as a bank (or similar financial institution)." Id. at 96.

In Brighton, the Court distinguished the Brighton plaintiffs from those in another case involving Transamerica's MDR increases. In that case, Thompson v. Transamerica Life Ins. Co., the Court extended the tort remedy to elderly plaintiffs to "deter insurers from unreasonably increasing premiums to induce early surrender or lapses of life insurance policies held by people who cannot turn to the market and obtain another policy due to the advanced age of the insureds." No. 2:18-cv-05422-CAS-GJS, 2018 WL 6790561, at *11 (C.D. Cal. Dec. 26, 2018) ("Thompson"). In determining that the Brighton plaintiffs had failed to state a tortious breach claim, the Court noted that, unlike the elderly plaintiffs in Thompson, the Brighton plaintiffs "consist of a trust, two banks, and three institutional investors" and therefore do not "have nowhere else to turn to obtain the 'peace of mind and security' that they bargained for when they purchased the Policies." Brighton Order at 23 (citing Thompson, 2018 WL 6790561, at *11). Accordingly, the Court determined that the policy considerations "present in Thompson that warranted the Court's extending the tort remedy to the plaintiffs are not present here." Brighton Order at 23.

C.     **The State Farm Action**

On August 10, 2019, after the Brighton plaintiffs filed their first amended complaint and the plaintiffs in this case had filed the operative third amended complaint, another district court in the Ninth Circuit denied a motion for summary judgment in a case involving State Farm's flexile premium adjustable insurance policies. Bally v. State Farm Life Ins. Co., No. 18-cv-04954-CRB, 2019 WL 3891149 (N.D. Cal. Aug. 19, 2019) ("State Farm"). In that case, an insured, on behalf of a class, alleged that State Farm used factors, other than those enumerated in the insured's State Farm insurance policy, to determine the insured's costs of insurance, thereby "tak[ing] more money out of the Account Value than is permitted by the Policy." Id. at *2. The complaint in State Farm asserted, *inter alia*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-08104-CAS(GJSx) | Date | November 4, 2019 |
| Title | EFG BANK AG, CAYMAN BRANCH v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

claims for: (1) breach of contract; and (2) conversion. Id. The court denied State Farm's motion for summary judgment on the insured's conversion claim, determining that California law permits a conversion claim based on a theory that "[b]y deducting Cost of Insurance Charges and Expense Charges in unauthorized amounts from the Account Values of [plaintiff], State Farm converted [plaintiff's] property." State Farm, 2019 WL 3891149, at *4 (first alteration in original).

### D. EFG Bank's Motion to Modify the Scheduling Order and for Leave to File a Fourth Amended Complaint

On September 27, 2019, plaintiffs brought the present motion to modify the scheduling order and for leave to file a fourth amended complaint. Dkt. 132-1 ("Mot.") Plaintiffs seek leave to amend to: (1) assert additional claims for express breach of contract and contractual breach of the implied covenant of good faith and fair dealing based on allegations that Transamerica failed to lower MDRs despite experiencing favorable mortality rates; (2) include additional allegations regarding the nature of the secondary market for life insurance policies to address the Brighton Order's "ruling concerning the availability of tort remedies to investor-owners of life insurance policies"; and (3) assert a claim for conversion in light of the State Farm decision. Mot. at 1–2. Transamerica filed an opposition on October 11, 2019. Dkt. 141 ("Opp."). Plaintiffs filed a reply on October 21, 2019. Dkt 145 ("Reply").

The Court held a hearing on November 4, 2019. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Once the deadline to file amended pleadings has passed, a party seeking leave to amend must satisfy the requirements of both Rule 16(b) and Rule 15(a) of the Federal Rules of Civil Procedure. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Rule 16(b)(4) provides that a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This requirement "primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. The scheduling order may be modified only "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:16-cv-08104-CAS(GJSx) | Date | November 4, 2019 |
|---|---|---|---|
| Title | EFG BANK AG, CAYMAN BRANCH v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

If the moving party shows good cause under Rule 16(b), the court applies Rule 15(a)'s liberal standards in determining whether to grant leave to amend. Id. at 608. Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, leave to amend is "denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." Chudacoff v. Univ. Med. Ctr. of S. Nevada, 649 F.3d 1143, 1152 (9th Cir. 2011) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Rule 15(a) "is to be applied with extreme liberality," Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990), and whether to permit amendment is a decision "entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982).

## III. DISCUSSION

The Court previously set a deadline of January 29, 2018 as the deadline for amending pleadings or adding parties. Dkt. 66. Because the time for amendment has passed, plaintiffs must demonstrate "good cause" under Rule 16(b) for modifying the Court's scheduling order, and if the requisite good cause is shown, that amendment is proper under Rule 15(a).

### A. Good Cause Exists to Modify the Scheduling Order Under Rule 16(b)

The parties first dispute whether good cause exists to modify the Court's scheduling order. The Court addresses the parties' contentions in turn.

Plaintiffs argue that good cause exists because "[i]n addition to uncovering new evidence in discovery, [plaintiffs] could not have foreseen the new developments in the law that warrant many of the proposed amendments." Mot. at 8. Plaintiffs point to the Court's order in Brighton, which determined that the Brighton plaintiffs had stated claims for breach of contract and contractual breach of the implied covenant of good faith and fair dealing based on allegations that Transamerica instituted MDR increases despite *generally* improving mortality rates. Brighton Order at 17–18, 20–21. In this case, however, plaintiffs purport to have adduced discovery that Transamerica's *own* mortality data shows mortality rates were improving, and that plaintiffs "decided to conduct a careful analysis of Transamerica's mortality experience data and obtain deposition testimony from Transamerica actuaries to confirm Transamerica's mortality experience is consistent with the industry data before bringing those claims here." Mot. at 7 n.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:16-cv-08104-CAS(GJSx) | Date | November 4, 2019 |
|---|---|---|---|
| Title | EFG BANK AG, CAYMAN BRANCH v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

Plaintiffs contend that developments in the law further warrant modifying the scheduling order to permit the filing of a fourth amended complaint. With respect to their proposed additional allegations regarding their tortious breach claim, plaintiffs contend that they "are not aware of any California decisions before the August 28, 2019 Brighton Order that dismissed a claim for tortious breach of the implied covenant of good faith and fair dealing in the insurance context. To the contrary, as noted in the Brighton Order, this Court previously sustained similar claims for tortious breach." Mot. at 8. As to their proposed conversion claim, plaintiffs assert that State Farm "is the first opinion [p]laintiffs are aware of that expressly upheld conversion as a viable claim in the cost of insurance context under California law." Id.

Transamerica contends that no cause exists to modify the scheduling order to allow the filing of a fourth amended complaint. According to Transamerica, plaintiffs received the discovery that they assert justifies modifying the scheduling order "*18 months ago in April 2018.*" Opp. at 1 (emphasis in original). As such, Transamerica contends that plaintiffs "fail to explain why they needed deposition confirmation before seeking leave to amend, or for that matter, why they waited until August 2019 to begin taking depositions." Id. at 4. With respect to plaintiffs' proposed amendments regarding their tortious breach claim, Transamerica argues that plaintiffs "were on notice of their pleading deficiencies in February 2018 when a district court in the Southern District of New York, applying California law, dismissed their identical claim on the same grounds this Court applied in Brighton." Id. at 2. As to plaintiffs' proposed inclusion of a claim for conversion, Transamerica contends that State Farm "did not purport to change or expand California conversion law," and instead relied on existing law that predated plaintiffs' filing of this action. Id. at 6.

"District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." Hunt v. Cty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (internal quotation marks omitted). In its discretion, and in light of the developments in Brighton and State Farm as well as the lack of prejudice to Transamerica, the Court finds that good cause exists to modify the scheduling order.

### B.  Amendment is Appropriate Under Rule 15(a)

Having determined that good cause exists to modify the scheduling order, the Court proceeds to evaluate whether plaintiffs' proposed amendments are appropriate pursuant to Rule 15(a). Rule 15 "is to be applied with extreme liberality." C.F. ex rel. Farnan v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:16-cv-08104-CAS(GJSx) | Date | November 4, 2019 |
|---|---|---|---|
| Title | EFG BANK AG, CAYMAN BRANCH v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

Capistrano Unified Sch. Dist., 654 F.3d 975, 985 (9th Cir. 2011) (internal quotations omitted). In determining whether to grant leave to amend, the Court considers factors including "bad faith, undue delay, futility, or undue prejudice to the opposing party." Chudacoff, 649 F.3d at 1152.

Transamerica argues that leave to amend should be denied on the bases that plaintiffs have delayed in seeking leave *and* because plaintiffs' proposed amendments would be futile. Opp. at 7–14. However, "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). The Court has *already* denied Transamerica's motion to dismiss plaintiffs' breach of contract, contractual breach of the implied covenant, and tortious breach of the implied covenant claims. Dkt. 44. Transamerica therefore fails to articulate how granting plaintiffs leave to file a fourth amended complaint which contains additional allegations in support of these claims—claims on which discovery is already underway—prejudices Transamerica. See Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003) (finding no prejudice by proposed amendment where "[party opposing amendment] cannot argue that permitting [amendment] . . . would change the scope of the litigation[.]"). Nor does Transamerica describe how it would be prejudiced by plaintiffs' proposed inclusion of a new claim for conversion, which would entail substantially the same discovery as well as the same proof at trial.

The Court also does not find persuasive Transamerica's argument that plaintiffs' proposed amendments would be futile. "An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656 (9th Cir. 2017). "Denial of leave to amend for futility is rare, as courts typically defer consideration of challenges to the merits of a proposed amendment until after leave is granted and the pleading is filed." Ernst v. ZogSports Holdings LLC, No. 2:18-CV-09043-RGK-MRW, 2019 WL 1423776, at *2 (C.D. Cal. Feb. 26, 2019). The Court therefore defers consideration of the sufficiency of plaintiffs' proposed amendments at this juncture. See id. at *2–3 (declining to consider whether proposed amendments fail to state a claim because "such arguments are better reserved for subsequent motions.").

The Court notes that, "[a]bsent prejudice, or a strong showing of any of the remaining Foman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Eminence Capital, 316 F.3d at 1052 (emphasis in original). Because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:16-cv-08104-CAS(GJSx) | Date | November 4, 2019 |
|---|---|---|---|
| Title | EFG BANK AG, CAYMAN BRANCH v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

plaintiffs' proposed amendments would not meaningfully prejudice Transamerica, Transamerica fails to overcome this presumption.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiffs' motion to modify the scheduling order and for leave to file a fourth amended complaint. Plaintiffs shall file a fourth amended complaint within three (3) days. Transamerica shall have fourteen (14) days from the date of plaintiffs' filing the fourth amended complaint to respond.

IT IS SO ORDERED.

|  | 00 : 11 |
|---|---|
| Initials of Preparer | |